Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2167 | **DATE** | 7/26/2004 |
| **CASE TITLE** | Sondker vs. Philips Electronics | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the defendant's motion for partial summary judgment is granted in part and denied in part and defendant's motion to strike is denied. Status hearing set for 07/27/04 to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 7-27-04 date docketed | |
| ✓ | Docketing to mail notices. Will give copies of memorandum opinion at status on 07/27/04. | | | 23 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUL 27 AM 8:06 | | |
| MW courtroom deputy's initials | | FILED-DTH | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN SONDKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 2167 |
| ) | |
| PHILIPS ELECTRONICS NORTH, ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |



## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion for partial summary judgment and Defendant's motion to strike. For the reasons stated below, we deny the motion to strike and we grant in part and deny in part the motion for partial summary judgment.

## BACKGROUND

Defendant Philips Medical Systems ("Philips") employed Plaintiff Brian Sondker ("Sondker") as a Service Sales Specialist ("SSS") from June 2000 until January 20, 2003. As a SSS Sondker's job was to get customers to sign contracts to service Philips' medical equipment and equipment of other manufacturers. Sondker

1

received a base salary and commissions at Philips. Sondker signed a commission plan each year that stated the terms of his commission agreement. Sondker submitted to Philips a spreadsheet listing ninety-five transactions that Sondker was claiming commissions for during 2002. Philips management reviewed the spreadsheet and agreed to pay the commissions except for twenty-two of the listed transactions. Sondker brought the instant suit alleging that Philips owes him commissions for the twenty-two transactions. Sondker states in his complaint that Philips failed to pay him commissions of $152,212.87. However, Sondker's memorandum in opposition to Philip's motion for partial summary judgment acknowledges that, subsequent to the filing of the complaint Philips made commission payments to Sondker in the amount of $64,364.43, and that the amount in issue is now $87,848.44. Sondker brought a three count complaint, which includes an Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, claim (Count I), a breach of contract claim (Count II), and in the alternative a *quantum meruit* claim (Count III). Philips filed a motion for partial summary judgment seeking summary judgment only in regards to sought commissions for certain transactions. Philips has also filed a motion to strike Exhibits 3A and 3B attached to Sondker's memorandum in opposition to Philips' partial summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that

favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Motion to Strike

Philips seeks to strike Sondker's Exhibits 3A and 3B attached to Sondker's memorandum in opposition to the partial motion for summary judgment. According to Philips, Sondker failed to produce the exhibits during discovery and asks the court, pursuant to Federal Rule of Civil Procedure 37(c), to bar Sondker from using those exhibits in attempting to defeat the motion for partial summary judgment. Exhibits 3A and 3B represent hard copies of attachments to e-mails. The e-mails were previously supplied during Sondker's deposition, but the attachments were not produced. Sondker contends that Philips is not entitled to any relief under Federal Rule of Civil Procedure 37 because Philips failed to attempt to resolve the issue with Sondker prior to filing the motion to strike as is required under Federal Rule of Civil Procedure 37(a)(2) and Local Rule 37.2.

Pursuant to Federal Rule of Civil Procedure 37(a)(2), if a party moves for sanctions against another party because of the other party's failure to disclose discovery, the movant is required to "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure disclosure without court action." Pursuant to Local Rule 37.2,

if a party files a motion relating to the production of discovery the movant must supply a statement indicating that : 1) "after consultation in person or by telephone and good faith attempts to resolve differences [the parties] are unable to reach an accord," or 2) the movant's counsel unsuccessfully attempted to meet with, or contact by phone, counsel for the non-movant.

Philips has produced a letter dated January 8, 2004 from M. Phillips to S. Horwitz which indicates that Philips requested all attachments to the e-mails being utilized as evidence in this case by Sondker. However, this letter does not satisfy the requirements of Local Rule 37.2. Since Philips has not provided the court with the statement required pursuant to Local Rule 37.2, we deny the motion to strike.

## II. Breach of Contract Claim

Philips argues that it is entitled to summary judgment on the breach of contract claim because he did not obtain signed contracts in regards to some transactions, some commissions were not covered under his commission agreement, and some transactions were redundant. Under Illinois law, for a breach of contract claim a plaintiff must establish that: 1) there was a "valid and enforceable contract," 2) the plaintiff met his obligation(s) under the contract, and 3) that the defendant breached its obligation(s) under the contract, and 4) the plaintiff suffered an injury as a result of the breach. *Priebe v. Autobahn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2000).

### A. Meier Transactions

Philips contends that it does not owe any commissions to Sondker for signed contracts for Advanced Healthcare ($401,562), Menomonee Falls Medical Group ($568,412), and St. Joseph's Community Hospital ($1,129,329) ( R SF 17). The alleged transactions were handled by another SSS Laura Meier ("Meier") who left Philips in the first quarter of 2002. Meier's territory was divided up when she left Philips and the above mentioned three transactions were put on Sondker's list of transactions. It was agreed that, although Sondker would not get a full commission for the alleged transactions, Sondker would get a booking credit for them, meaning that the sale would count towards the overall sales volume for 2002. Sondker admits, pursuant to Local Rule 56.1, that the 2002 Commission Plan provided that he would receive commissions only for "processed orders" which required that Sondker provide Philips with a signed contract. ( R SF 8). Sondker fails to dispute Defendant's 56.1 fact number 8 and Sondker acknowledges in his response to the claimed fact that he understood the processing of orders to "consist of the submission of a transmittal form and the customer's signed contract." ( R SF 8). Sondker admits that he does not have a copy of a signed contract for any of the three contracts.

Sondker does however point to a report prepared by Gene Prendergast and Steve Pence ("Pence") at Philips entitled "East & Central Zone Sales Forecast and Market Overview." The report lists the three Meier transactions indicating that

Sondker was to receive booking credits for the three Meier transactions. ( R SF 17). Sondker also submitted Exhibits 3A and 3B to his response to the motion for partial summary judgment. The exhibits are an attachment to an e-mail called the "ETW Report." The report is further evidence that a contract was signed for the Advanced Healthcare Transaction. It is not clear that the report would be admissible at trial. However, at this juncture there is a sufficient possibility that the report can be properly admitted by Sondker at trial.

Philips argues that employees such as Pence did not have authority to approve commissions. Philips contends that only its personnel at its Bothell, Washington office had authority to review commission requests. However, whether or not Pence and other Philips employees had authority to approve commissions, the statements and reports from other Philips employees are evidence that create a legitimate dispute as to whether or not a contract was signed for the Meier transactions. Philips also bases its contention on the affidavit of its Senior Director of Service Sales Administration, Laurence Simanek ("Simanek"). Simanek states in his affidavit that he "found no evidence that a contract had ever been signed by these customers. . . ." Although, if this statement is admissible at trial, it would bolster Philips' position, it is far from definitive evidence sufficient to warrant judgment as a matter of law. Therefore, we deny the motion for summary judgment in regards to the three Meier transactions.

7

### B. HealthSouth Transaction

Philips contends that it does not owe Sondker commissions for the HealthSouth transaction because it was not covered under the 2002 commission plan. Sondker admits, pursuant to Local Rule 56.1, that his 2002 commission plan only covered 2002 transactions only and admits that the HealthSouth contract became effective in 2001 and thus was not covered by the plan. ( R SF 19-22). Sondker argues that he was told by Pence to include the transaction on his 2002 report because it was a part of the Marconi deals. However, even if that were true, Sondker does not claim that he failed to receive his commissions for the transaction in 2001 and simply because he was told to list it on his 2002 report is not sufficient reason to justify collecting commissions a second time for the transaction.

### C. LaPorte Community Hospital

Philips argues that it was not obligated to give Sondker commissions for the LaPorte Community Hospital transaction because Sondker had listed another transaction in 2002 that already covered the LaPorte Community Hospital transaction. Philips contends that Sondker is not entitled to duplicative commissions for the same contract. Sonker admits pursuant to Local Rule 56.1 that the two entries for LaPorte refer to the same transaction. ( R SF 24). We agree that there is insufficient evidence for a reasonable trier of fact to conclude that Sondker is entitled to commissions for the LaPorte Community Hospital transaction.

III. Illinois Wage Payment and Collection Act and Quantum Meruit Claims

Philips claims that it is entitled to summary judgment in regards to the Illinois Wage Payment and Collection Act claim and the Quantum Meruit claim to the extent that they are based on the above transactions. We agree that Sondker is only entitled to recover under the Wage Payment and Collection Act for "earned commissions." 820 ILCS 115/2. Therefore, we grant Philips' motion for summary judgment on the Wage Payment and Collection Act in regards to the HealthSouth transaction or the LaPorte Community Hospital transactions. Also, in regards to the quantum merit claim there is not sufficient evidence for a reasonable trier of fact to conclude that Sondker should recover any commissions under the 2002 commission plan for the HealthSouth transaction or the LaPorte Community Hospital transaction.

**CONCLUSION**

Based on the foregoing analysis, we deny Philips' motion for summary judgment in regards to the above mentioned three Meier transactions. We grant Philips' motion for summary judgment in regards to the HealthSouth transaction or the LaPorte Community Hospital transactions. We deny Philips' motion for summary judgment on the Wage Payment and Collection Act and quantum meruit claims in regards to the above mentioned three Meier transactions. We grant

Philips' motion for summary judgment on the Wage Payment and Collection Act and quantum meruit claims in regards to the HealthSouth transaction or the LaPorte Community Hospital transactions.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 26, 2004